# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARY BELINDA BOLDEN, Administratrix for   :
Shawn Lamont Bolden, Deceased,   :
                                         :   CIVIL ACTION

        Plaintiff,   :
                                         :

    v.   :
                                         :

PENNSYLVANIA BUREAU OF PRISONS, and   :
DAVID DIGUGLIELMO, CAPTAIN THOMAS   :   NO.  11-0467
DOMAN, CAPTAIN J. JOHNSON, CAPTAIN   :
JEROME STRICKLAND, CAPTAIN WILLIAMS, :
CORRECTIONS OFFICER BURTON,   :
CORRECTIONS OFFICER S. GREEN,   :
CORRECTIONS OFFICER VITO MANISCALO,   :
CORRECTIONS OFFICER PATRICIA   :
ROBINSON, CORRECTIONS OFFICER COMER :
RUCKER, CORRECTIONS OFFICER SMITH,   :
CORRECTIONS [OFFICER] WALTERS, and   :
CORRECTIONS OFFICERS JOHN DOE 1-10,   :
individually and in their official capacities,   :
                                       :

        Defendants.   :

## MEMORANDUM

BUCKWALTER, S.J.                                                    October 18, 2011

       Currently pending before the Court are the following: (1) a Motion to Dismiss filed by

Defendants Pennsylvania Department of Corrections ("DOC"),[1] Jerome Strickland, J. Johnson,

Thomas Dohman, Vito Maniscalo, "Burton," Comer Rucker, Patricia Robinson, Captain

Williams, Corrections Officer Smith, and Corrections Officer S. Green (collectively

"Defendants"); and (2) a Motion for Leave to File a Second Amended Complaint filed by

Plaintiff Mary Belinda Bolden.  For the following reasons, the Motion to Dismiss is denied

---

    [1] Defendant DOC states that it is incorrectly identified in the Amended Complaint as the
Pennsylvania Bureau of Prisons.  (Defs.' Mem. Supp. Mot. Dismiss 3 n.1.)

without prejudice and the Motion for Leave to File a Second Amended Complaint is granted.

## I.    FACTUAL AND PROCEDURAL HISTORY

Plaintiff's son, Shawn Lamont Bolden, was an inmate at the Pennsylvania State Correctional Institute at Graterford ("Graterford").  (Am. Compl. ¶ 24.)  According to the facts alleged in the Amended Complaint, Mr. Bolden was in Graterford's dining hall on January 25, 2009, when he was attacked without cause or justification by all of the individually named Defendants.  (Id. ¶¶ 24-25, 33.)  These Defendants assaulted Mr. Bolden with their fists, boots, nightsticks, and flash lights before dragging him back to his cell, where they continued to beat him.  (Id. ¶¶ 25-27.)  Plaintiff alleges that Mr. Bolden died as a result of the severe injuries he sustained during the attack, and that several of the officers responsible for his death were transferred to other facilities in order to conceal their wrongdoing.  (Id. ¶¶ 30-32.)

On behalf of her son, Plaintiff filed a pro se Complaint in this Court on January 24, 2011. Several months later, Plaintiff obtained counsel and filed an Amended Complaint on July 26, 2011.  The Amended Complaint includes the following seven counts: (i) violations of Plaintiff's decedent's civil rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments and 42 U.S.C. § 1983; (ii) assault and battery; (iii) negligence and gross negligence; (iv) negligent infliction of emotional distress; (v) intentional infliction of emotional distress; (vi) violation of the Wrongful Death Act, 42 Pa. C.S. § 8301; and (vii) violation of the Probate Estates and Fiduciary Code, 20 Pa. C.S. §§ 3372, 3373 and 42 Pa. C.S. § 8302 ("the Survival Act").  (Am. Compl. ¶¶ 46-73.)  The moving Defendants filed the present Motion to Dismiss the Amended Complaint on August 4, 2011.  Rather than directly respond to Defendants' Motion, Plaintiff filed a Motion for Leave to File a Second Amended Complaint on September 13, 2011.  Plaintiff

contends that the Second Amended Complaint would correct the alleged pleading deficiencies that are the subject of Defendants' Motion to Dismiss.  (Pl.'s Mot. Amend ¶ 10.)  Finally, Defendants filed a Response in Opposition to Plaintiff's Motion on September 22, 2011.  Both Motions are now ripe for the Court's consideration.

## II.    STANDARDS OF REVIEW

### A.    Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).  In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 555.  It emphasized that it would not require a "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  Id. at 570.

In the subsequent case of Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Supreme Court enunciated two fundamental principles applicable to a court's review of a motion to dismiss for failure to state a claim.  First, it noted that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 1949.  Thus, although "[Federal] Rule [of Civil Procedure] 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  Id. at 1950.

3

Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Notwithstanding the foregoing, nothing in Twombly or Iqbal has altered some of the fundamental underpinnings of the Rule 12(b)(6) standard of review. Arner v. PGT Trucking, Inc., No. Civ.A.09-0565, 2010 WL 1052953, at *2 (W.D. Pa. Mar. 22, 2010); Spence v. Brownsville Area Sch. Dist., No. Civ.A.08-0626, 2008 WL 2779079, at *2 (W.D. Pa. July 15, 2008). Federal Rule of Civil Procedure 8 requires only a short and plain statement of the claim showing that the pleader is entitled to relief and need not contain detailed factual allegations. Fed. R. Civ. P. 8; Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Further, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

### B.      Motion for Leave to Amend

Pursuant to Federal Rule of Civil Procedure 15(a), a party may seek the court's leave to amend a pleading, and the court should freely grant such leave "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Third Circuit Court of Appeals has held that "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless 'denial [can] be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to

cure deficiency by amendments previously allowed or futility of amendment.'" <u>Lundy v.</u>

<u>Adamar of N.J., Inc.</u>, 34 F.3d 1173, 1196-97 (3d Cir. 1994) (quoting <u>Bechtel v. Robinson</u>, 886

F.2d 644, 652-53 (3d Cir. 1989)).

## III.    DISCUSSION

Defendants move to dismiss the Amended Complaint pursuant to Federal Rules of Civil

Procedure 12(b)(1)[2] and 12(b)(6).  Their Motion consists of three separate arguments.  First,

Defendants contend that the suits against them in their official capacities are barred by the

Eleventh Amendment.  (Defs.' Mem. Supp. Mot. Dismiss 5-6.)  Second, they argue that the

Amended Complaint contains insufficient factual allegations of wrongdoing.  (<u>Id.</u> at 6-9.)

Finally, Defendants contend that the state law claims against them are barred by the doctrine of

sovereign immunity.  (<u>Id.</u> at 9-12.)  Plaintiff has filed her Motion for Leave to File a Second

Amended Complaint as a way of responding to the issues raised in Defendants' Motion.[3]

Therefore, in addressing Defendants' Motion to Dismiss, the Court considers whether granting

Plaintiff leave to amend would cure the alleged defects.

### A.    Eleventh Amendment Immunity

---

[2] Rule 12(b)(1), which allows a defendant to move for dismissal when a court lacks subject matter jurisdiction, is the basis for Defendants' Eleventh Amendment immunity defense. (Defs.' Mem. Supp. Mot. Dismiss 4 (citing <u>Blanciak v. Allegheny Ludlum Corp.</u>, 77 F.3d 690, 693 n.2 (3d Cir. 1996).)

[3] Defendants note that Plaintiff failed to file a brief in support of her Motion in accordance with Local Rule of Civil Procedure 7.1(c).  (Defs.' Resp. Opp'n 3 n.1.)  While it is true that Plaintiff did not technically comply with the rule, the Motion itself includes several paragraphs of factual averments and citations to legal authorities.  Accordingly, the Court will not deny the Motion for failure to include a brief.

The Eleventh Amendment[4] prohibits claims for damages against the DOC and its employees sued in their official capacities.  See Montilla v. Prison Health Servs., Inc., No. Civ.A.11–2218, 2011 WL 4467712, at *6 (E.D. Pa. Sept. 23, 2011) ("The Eleventh Amendment bars claims for damages against the Department of Corrections."); Dickerson v. SCI Graterford, No. Civ.A.10-7177, 2011 WL 3862198, at *4 (E.D. Pa. Aug. 30, 2011) ("The Department of Corrections ('DOC') is an executive agency of the Commonwealth and therefore shares in the immunity from suits in federal court by private parties."); id. ("A state agency or official working in its official capacity is immune from suit in federal court.").  A plaintiff may, however, bring a claim against a DOC employee in his or her individual capacity.  See Robus v. Pa. Dept. of Corr., No. Civ.A.04-2175, 2006 WL 2060615, at *3 (E.D. Pa. July 20, 2006) ("The Eleventh Amendment requires the court to dismiss only the official-capacity claims.").

Pursuant to the Eleventh Amendment, Defendants move to dismiss Plaintiff's 42 U.S.C. § 1983 claims against the DOC and the individual Defendants sued in their official capacities. (Defs.' Mem. Supp. Mot. Dismiss 5-6.)  Plaintiff's proposed Second Amended Complaint[5] has removed the DOC itself as a Defendant, but still names DOC corrections officers in both their individual and official capacities.  (Pl.'s Mot. Am., Ex. C.)  Therefore, to the extent the proposed Second Amended Complaint includes the official capacity claims, it is improperly pleaded. Nevertheless, because this deficiency can be easily corrected – and because the Court is granting

---

[4]  The Eleventh Amendment states as follows: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.

[5]  The proposed Second Amended Complaint is attached as Exhibit C to Plaintiff's Motion.

6

Plaintiff's request for leave to amend – Plaintiff may file a revised Second Amended Complaint to allege the § 1983 claims against the DOC Defendants solely in their individual capacities. Defendants' Motion to Dismiss the § 1983 claims is therefore denied without prejudice. Should the revised Second Amended Complaint fail to remove the official capacity claims, Defendants may again move to dismiss.

    **B.**    **Whether Plaintiff has Sufficiently Alleged Wrongdoing on the Part of All Defendants**

Defendants contend that although a § 1983 claim may be brought against a state actor in his or her individual capacity, Plaintiff has failed to specify what each Defendant did to violate her son's civil rights.  (Defs.' Mem. Supp. Mot. Dismiss 6-9.)  As an initial matter, the Court notes that the proposed Second Amended Complaint would significantly narrow both the number of Defendants and the claims against each.  Whereas the Amended Complaint asserts claims against thirteen Defendants, including the DOC itself, the Second Amended Complaint names seven individual Defendants, all of whom are corrections officers.  (Pl.'s Mot. Am., Ex. C.)  By limiting the § 1983 claims to those who directly took part in the alleged beating, the Second Amended Complaint would render moot Defendants' request to dismiss any claim premised on a theory of vicarious liability against superior officers such as Superintendent DiGuglielmo.  (See Defs.' Mem. Supp. Mot. Dismiss 7 n.5.)  In addition, the only cause of action under § 1983 listed in the Second Amended Complaint is a claim for a violation of Plaintiff's decedent's right to be free from excessive force under the Eighth Amendment's Cruel and Unusual Punishment Clause.  (Pl.'s Mot. Am., Ex. C ¶¶ 30-33.)  This change would eliminate the Amended Complaint's more vague allegations of Fourth, Fifth, and Fourteenth Amendment violations.  (See Am. Compl. ¶

49.)

Taking into consideration the modifications Plaintiff intends to make when given leave to amend, the Court finds that she has sufficiently stated a claim for relief.  Plaintiff alleges that the decedent was in the dining hall at Graterford on January 25, 2009 when, without provocation, he was punched, kicked, and otherwise violently attacked by all of the individually named Defendants.[6]  (Pl.'s Mot. Amend, Ex. C ¶ 18.)  Plaintiff further alleges that Defendants dragged the decedent to his cell where they continued to beat him, and that he died as a result of his injuries.  (Id. ¶ 19.)  While the factual allegations are admittedly sparse,[7] the Court finds that they constitute "a short and plain statement of the claim" for excessive force in violation of the Eighth Amendment's prohibition on cruel and unusual punishment.[8]  Defendants' Motion to Dismiss for failure to allege wrongdoing is therefore denied.

### C.    Sovereign Immunity

---

[6] Defendants argue that this allegation is insufficient because it groups them together "without any differentiation as to their individual actions." (Defs.' Resp. Opp'n 5.)  Because Plaintiff is alleging that all the individual Defendants harmed the decedent in the same manner, the Court finds nothing improper about the way the claims are phrased.

[7] On the other hand, given the nature of the lawsuit, it is not surprising that there is a limited factual record at this stage of the litigation.  This case concerns events that occurred within the confines of a prison – an institution not readily accessible to the public – and Mr. Bolden, who would have been an important source for the information used to support Plaintiff's claims, is deceased.  Plaintiff has stated that she has hired an investigator to gather additional facts relevant to this action.  (Pl.'s Mot. Amend ¶ 9.)

[8] "The central question in a claim of excessive force is whether the prison official applied force 'in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'"  Wesley v. Hollis, No. Civ.A.03-3130, 2007 WL 1655483, at *7 (E.D. Pa. June 6, 2007) (quoting Smith v. Mensinger, 293 F.3d 641, 649 (3d Cir. 2002)).  Here, Plaintiff expressly alleges that the force used against her son was exercised maliciously and without justification. (See Am. Compl. ¶¶ 33-36; Pl.'s Mot. Am., Ex. C, ¶¶ 23-26.)

The DOC is an agency of the Commonwealth and is therefore governed by 1 Pa. C.S. §

2310, which codifies the doctrine of sovereign immunity.  1 Pa. C.S. § 2310; see also Wesley v.

Hollis, No. Civ.A.03-3130, 2007 WL 1655483, at *14 (E.D. Pa. June 6, 2007).  Sovereign

immunity "protects the Commonwealth and Commonwealth parties from suit unless the cause of

action falls within one of several statutory exceptions, or the individual's conduct falls outside

the scope of his employment."  Wesley, 2007 WL 1655483, at *14 (citing Savage v. Judge, No.

Civ.A.05-2551, 2007 WL 29283, at *5 (E.D. Pa. Jan. 2, 2006)).[9]  An employee's conduct falls

within the scope of employment when it: "(1) is the kind that the employee is employed to

perform; (2) occurs substantially within the job's authorized time and space limits; (3) is

motivated at least in part by a desire to serve the employer; and (4) if force was used by the

employee against another, the use of force is not unexpectable by the employer."  Savage, 2007

WL 29283, at *5 (citing Restatement (Second) of Agency § 228).

Both the Amended Complaint and the proposed Second Amended Complaint include

state law claims for assault and battery, negligence and gross negligence, negligent infliction of

emotional distress, as well as claims arising under Pennsylvania's Wrongful Death statute and

Survival Act.[10]  Defendants argue that even in the proposed Second Amended Complaint,

Plaintiff alleges that the conduct giving rise to these claims was committed within the scope of

---

[9]  The statutory exceptions to sovereign immunity are as follows: (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate, highways, and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody, or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines.  42 Pa. Cons. Stat. § 8522(b).

[10]  The Second Amended Complaint eliminates the cause of action for intentional infliction of emotional distress.

Defendants' employment.  (Defs.' Resp. Opp'n 6.)  According to Defendants, because none of these claims fall within any of the exceptions listed in 42 Pa. C.S. § 8522, they are barred by the doctrine of sovereign immunity.  (Id.)

While it is true that Plaintiff's state law claims are not included among § 8522's exceptions to sovereign immunity, it is unclear at this stage of the litigation whether Defendants' conduct fell within the scope of their employment.  Defendants are correct that the language of the proposed Second Amended Complaint – which explicitly states that Defendants were acting in the course and scope of their employment during all relevant times – would indicate that sovereign immunity applies.  On the other hand, the actual conduct described in the Second Amended Complaint – the malicious beating of Plaintiff's decedent without cause or justification – is not consistent with the duties Defendants were employed to perform.  See Wesley, 2007 WL 1655483, at *15 ("Where the alleged intentional tort was unprovoked, unnecessary or unjustified by security concerns or penological goals, courts have ruled that such conduct does not, as a matter of law, fall within the scope of employment.").

Because the literal language in the pleadings conflicts with the nature of Plaintiff's allegations, the Court cannot determine with certainty whether the state law claims in the proposed Second Amended Complaint are barred by the doctrine of sovereign immunity.  The Court therefore denies without prejudice Defendants' Motion to Dismiss, and grants Plaintiff leave to file a revised Second Amended Complaint and specify whether she is alleging Defendants acted within the scope of their employment.

## IV.   CONCLUSION

For all of the foregoing reasons, the Court finds that Plaintiff has alleged sufficient facts

in the proposed Second Amended Complaint to support claims against Defendants under the

Eighth Amendment and 42 U.S.C. § 1983.  However, there are other deficiencies in the proposed

Second Amended Complaint that render it insufficient as pleaded.  First, it includes claims

against Defendants in their official capacities, which are barred by the Eleventh Amendment.

Second, with respect to Plaintiff's state law claims, the language used in the proposed Second

Amended Complaint fails to allege unambiguously that Defendants were acting outside the scope

of their employment and therefore unprotected by the doctrine of sovereign immunity.

Therefore, while the Court grants Plaintiff's Motion for Leave to File a Second Amended

Complaint, Plaintiff must file a revised Second Amended Complaint in accordance with the

findings contained in this Memorandum.  Finally, because the Court is granting Plaintiff leave to

amend, it denies without prejudice Defendants' Motion to Dismiss.  If Defendants believe that

the pleadings are still deficient after Plaintiff has had the opportunity to amend, they may again

move to dismiss.

       An appropriate Order follows.